IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT GREER,

                      Plaintiff,                                  OPINION AND ORDER

v.

                                                                 20-cv-130-wmc

ALL WHEELS RECOVERY INC.,

                      Defendant.

---

In this lawsuit, plaintiff Robert Greer asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 421 *et seq*. The claims all arise out of defendant All Wheels Recovery Inc.'s repossession of Greer's car at the direction of non-party Capital One Auto Finance, who financed the purchase of his car. All Wheels Recovery ("AWR") failed to appear, plead or otherwise defend against this lawsuit, and the clerk's office entered default against it. (Dkt. #7.)

Before the court is plaintiff's motion for default judgment, seeking $64,204, representing an award of actual, statutory and punitive damages for the WCA violations, statutory damages for the FDCPA claim and attorney's fees and costs. (Dkt. #9.) The court held a telephonic hearing on plaintiff's motion on July 8, 2020, at which Greer appeared in person and through his counsel Attorney Nathan E. DeLadurantey, while defendant still failed to participate. During the hearing and in a follow-up text order, the court questioned whether plaintiff could pursue statutory damages under the FDCPA and the Wisconsin Consumer Act for the same conduct. (*See* dkt. #17.) In response, plaintiff indicated that he would only pursue statutory damages under the FDCPA. (Dkt.#18.)

For the reasons provided below, the court will grant in part and deny in part plaintiff's motion for default judgment, awarding award actual, statutory and punitive damages, along with reasonable attorneys' fees and costs.

FACTS

For purposes of deciding plaintiff's motion for default judgment, "allegations in the complaint relating to liability are true." *Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014). Here, plaintiff has alleged facts in his complaint that establish liability, as well as submitting an affidavit supporting his damages' claim, which the court will briefly summarize.

Plaintiff purchased a 2017 Nissan Altima with financing from Capital One Auto Finance, which took a lien on the vehicle. In 2019, Greer fell behind on his payments, prompting Capital One Auto Finance to contract with defendant AWR to repossess the vehicle. On January 3, 2020, defendant AWR sent agent or employee to Greer's home to repossess the vehicle. Despite Greer confronting him and protesting the repossession, the agent nonetheless repossessed the vehicle all the same.

Plaintiff claims that this repossession violated Wisconsin Statute § 425.206(2), which states that "[i]n taking possession of collateral or leased goods, no merchant may . . . [c]ommit a breach of the peace." *See Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812 (Wis. Ct. App. 1993) (holding that repossession over verbal protest, constitutes a breach of the peace in violation of the WCA). Plaintiff also alleges that defendant's conduct violated Wisconsin Statute § 427.104(1)(j), which states that a creditor may not "claim, or attempt to threaten to enforce with knowledge or reason to know that the right

2

does not exist." Plaintiff further contends that the defendant's right to repossess the car ended after he protested. *See Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 596 N.W. 2d 786 (1999) (holding that repossession after obtaining a judgment in improper venue, which rendered judgments invalid, violated § 427.104(1)(h) and (j)). Finally, plaintiff claims that this same conduct violates the FDCPA, 15 U.S.C. § 1692f(6). *See Russell v. Santander Consumer USA, Inc.*, No. 19-CV-119, 2019 WL 4572882, at *3 (E.D. Wis. Sept. 20, 2019) ("Courts presented with the issue of determining whether a repossession agency has violated § 1692f(6) look to the applicable state self-help repossession statute which identifies the circumstances under which an enforcer of a security interest does not have a present right to the collateral at issue.").

OPINION

The defendant having already defaulted on liability under each of these claims, plaintiff seeks several categories of damages. *First*, for the violation of Wis. Stat. § 425.206, plaintiff seeks $19,858, representing the return of all payments he made on his vehicle *and* the fair market value of the vehicle at the time of repossession. In support of the legal basis for this claim, plaintiff directs the court to Wisconsin Statute § 425.305, which provides:

> (1) In a transaction to which this section applies, the customer shall be entitled to retain the goods, services or money received pursuant to the transaction without obligation to pay any amount.
>
> (2) In addition, the customer shall be entitled to recover any sums paid to the merchant pursuant to the transaction.

For factual support, plaintiff submits an affidavit that: (1) he "made a total of $10,583.00 in payments prior to the repossession"; and (2) the vehicle "had a fair market value of

$9,275 at the time of the repossession." (Greer Decl. (dkt. #11) ¶¶ 3-4.) Greer does not submit any underlying documents in support of these representations, but absent contrary proof, the court finds these representations to be sufficient to support his request for damages.[1]

*Second*, plaintiff seeks $1,000 in statutory damages for defendant's violation of the FDCPA. The remedy provision of the FDCPA permits "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C.A. § 1692k(a)(2)(A). The statute also provides that the court should consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional" in determining a statutory damages award. 15 U.S.C. § 1692k(b). Plaintiff contends that the maximum award is warranted because defendant's act of taking the vehicle -- and, in turn, violating the FDCPA -- was intentional. While plaintiff fails to direct the court to any caselaw in support of the amount of the award, an award of $1,000 in statutory damages for violation of the FDCPA seems reasonable and appropriate to send defendant (and others like it) a message on the need to train those sent to foreclose on a vehicle under the law, particularly in light of defendant's failure to appear and its apparent engagement in the regular business of repossession of vehicles, and defendant's repossession of plaintiff's car over his verbal protest.

---

[1] The court also takes judicial notice that the market value of the car falls within the range of values on Edmunds.com. *See* "2017 Nissan Altima Value," Edmunds, https://www.edmunds.com/nissan/altima/2017/appraisal-value/.

4

*Third*, plaintiff seeks an award of punitive damages of $39,716, which represents approximately two times defendant's actual damages as measured by his financing payments and the value of his vehicle at the time of the repossession. In support, plaintiff cites to *BMW of North America v. Gore*, 517 U.S. 559, 568 (1996), a case which sets forth the factors to be considered in setting the amount of punitive damages. Although plaintiff fails to direct the court to the statutory basis for such an award, Wis. Stat. § 425.301(1) states that "[r]ecoveries under chs. 421 to 427 shall not in themselves preclude the award of punitive damages in appropriate cases." In Wisconsin, a "plaintiff may receive punitive damages if evidence is submitted showing that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." Wis. Stat. § 895.043(3).

Proving that a defendant acted with intentional disregard does not require showing "an intent to cause injury. . . . The injured party need only show a wanton, willful or reckless disregard of the rights of others on the part of the wrongdoer." *Strenke v. Hogner*, 279 Wis. 2d 52, 65, 694 N.W.2d 296, 302 (2005) (quoting *Fahrenberg v. Tengel*, 96 Wis. 2d 211, 221, 291 N.W.2d 516 (1980)). Here, the court concludes that defendant's repossession of plaintiff's vehicle in the face of a verbal protest constitutes a willful disregard of plaintiff's rights. As such, the court concludes that an award of punitive damages is warranted. However, the court finds that plaintiff's requested award of double the actual damages award is excessive based on the known facts here and will instead double the $19,858 actual damages award under § 425.20, resulting in a total award of $39,716 before fees and costs. (*See also* DeLadurantey Decl., Ex. A (dkt. #10-1) (jury

special verdict from breach of peace repossession claim in which the jury awarded $300,000 in punitive damages).)

*Fourth*, and finally, plaintiff seeks $2,100 in attorney's fees and $530 in costs. Both the FDCPA and the WCA permit a prevailing plaintiff to recover reasonable attorney's fees and costs. *See* 15 U.S.C. § 1692k(3); Wis. Stat. § 425.308. Plaintiff's counsel submitted his time records, costs and declarations from clients supporting his $350 hourly rate. The court finds this evidentiary submission sufficient, as well as the total fees and costs reasonable in light of plaintiff's filing of the complaint, arranging for alternative service of process and preparing the motion for default judgment. Accordingly, the court will also award the requested fees and costs in the total amount of $2,630.

## ORDER

IT IS ORDERED that:

1) Plaintiff's motion for default judgment (dkt. #8) is GRANTED IN PART AND DENIED IN PART.

2) Plaintiff Robert Greer is awarded $43,346 against defendant All Wheels Recovery, Inc.

3) The clerk of court is directed to enter judgment in plaintiff's favor and close this case.

Entered this 24th day of July, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge